UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL POOLE,

    Petitioner,

Case No. 11-cv-12529

HONORABLE STEPHEN J. MURPHY, III

v.

MILLICENT WARREN,

    Respondent.

                                         /

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Carol Ann Poole, a state prisoner confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her petition, Poole raises 9 grounds for relief: prosecutorial misconduct; admission of other acts evidence; admission of unmirandized statements given to police; lack of sufficient evidence to convict; the denial of a directed verdict motion; erroneous jury instructions regarding second-degree murder, first-degree child abuse, and manslaughter; admission of expert testimony; and cumulative error. Because the Court concludes that Poole has not properly exhausted her state court remedies as to her claim regarding the admission of expert testimony, the Court will dismiss her petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

**PROCEDURAL HISTORY**

Poole was convicted of second-degree murder and first-degree child abuse following

a jury trial in the Wayne County Circuit Court.  She was sentenced to concurrent terms of imprisonment of 20 to 35 years for second-degree murder and 10 to 15 years for first-degree child abuse.  After sentencing, Poole filed an appeal of right with the Michigan Court of Appeals, raising multiple claims for relief.  With the exception of her claim pertaining to the admission of expert testimony, Poole's appeal to the Michigan Court of Appeals raised the claims presented in her habeas petition.  The Michigan Court of Appeals affirmed Poole's convictions.  *People v. Poole*, No. 284245, 2009 WL 5150240 (Mich. Ct. App. Dec. 29, 2009).  Poole then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims she raised in the Michigan Court of Appeals as well as her admission of expert testimony claim. The Michigan Supreme Court denied leave to appeal. *People v. Poole*, 486 Mich. 1045 (June 28, 2010).  Poole's motion for reconsideration was denied.  *People v. Poole,* 488 Mich. 859 (Sept. 9, 2010).  Subsequently, Poole filed the petition for writ of habeas corpus which is now before the Court.

## ANALYSIS

A federal habeas petitioner seeking relief from state imprisonment must first exhaust state court remedies.  28 U.S.C. § 2254(b)(1).  "To be properly exhausted, each claim must have been fairly presented to the state courts[,]" including both the state court of appeals and the state supreme court.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Moreover, the petitioner must have presented both the factual and legal bases for the claims in the state courts.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Although the exhaustion requirement is not jurisdictional, there is a "strong presumption" in favor of requiring a petitioner to exhaust her state court remedies.  *See Granberry v. Greer*, 481 U.S. 129, 131 (1987).  The petitioner has the burden of proving exhaustion.

2

*Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Poole has not met her burden of demonstrating that she exhausted her state court remedies regarding her claim that the trial court erred by admitting expert witness testimony that was not based on medical or scientific principles.  Poole raised the claim for the first time before the Michigan Supreme Court, and, accordingly, failed to present it to the Michigan Court of Appeals. Her presentation of the claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement.  *See Castille v. Peoples*, 489 U.S. 346, 349 (1989).  Poole has thus failed to properly exhaust one of her nine habeas claims in the state courts before proceeding on federal habeas review.

Generally, where a habeas petition is mixed – meaning that it contains both exhausted and unexhausted claims – federal courts should dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).   A federal district court, however, has discretion to stay a mixed habeas petition to allow a petitioner to present her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern.  *Id*. at 277.  Moreover, the petitioner must demonstrate that "good cause" exists for her failure to exhaust state court remedies, and that the unexhausted claims are not "plainly meritless."  *Id*.

In this case, Poole has available remedies in the Michigan courts, which she must

exhaust before proceeding in federal court.[1] Moreover, the issuance of a stay is unwarranted in this case. The one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses no problem for Poole. The limitations period began running on December 9, 2010, 90 days after the conclusion of Poole's direct appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). While the period is not tolled upon the filing of a federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), it will be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). At this time, Poole has over six months remaining on the limitations period. Accordingly, if Poole timely files an action in state court raising her unexhausted claims, she will have sufficient time in which to fully exhaust her issues in the state courts and return to federal court should she wish to do so.

Moreover, Poole has not shown good cause for failing to exhaust her expert testimony claim in the state courts before proceeding in federal court on habeas review, nor does the claim appear to be plainly meritless. The state courts must therefore be given a fair opportunity to rule upon all of Poole's claims before she litigates those claims in federal court. Otherwise, the Court is unable to apply the standard of habeas review found at 28 U.S.C. § 2254. Accordingly, the Court will dismiss Poole's petition for a writ of habeas corpus without prejudice. Should Poole wish to withdraw the unexhausted claim and proceed only on the exhausted claims, she may move to re-open the case and amend her

---

[1] For example, Poole may file a motion for relief from judgment with the state trial court pursuant to Michigan Court Rule 6.500, and pursue the claim through appropriate appellate procedures if necessary. *See Wagner*, 581 F.3d at 419.

petition within 30 days of the issuance of this order. The Court makes no determination as to the merits of her claims.

## CERTIFICATE OF APPEALABILITY

Before Poole may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court declines to issue a certificate of appealability. Moreover, the Court denies leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Court denies leave to proceed *in forma pauperis*

on appeal.

**SO ORDERED.**

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: June 29, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 29, 2011, by electronic and/or ordinary mail.

                                        Carol Cohron
                                        Case Manager